**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30289 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-06012-EFS |
| v. | |
| JORGE ARMANDO BETANCOURT MENDOZA, a.k.a. Jorge Mendoza Mendoza, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted April 7, 2014[**]

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

Jorge Armando Betancourt Mendoza appeals from the district court's

judgment and challenges the 84-month sentence imposed following his guilty-plea

conviction for conspiracy and aiding and abetting, in violation of 21 U.S.C. §§ 371

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

& 2; and possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Betancourt Mendoza contends that the government erred by failing to move for a third-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). Effective November 1, 2013, section 3E1.1 was amended to clarify that "[t]he government should not withhold [a motion for reduction for acceptance of responsibility] based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal." U.S.S.G. § 3E1.1 cmt. n.6. The government concedes, and we agree, that Betancourt Mendoza is entitled to a new sentencing hearing in light of this amendment. *See United States v. Cabrera-Gutierrez*, No. 12-30233, 2014 WL 998173, at *1 n.1 (9th Cir. Mar. 17, 2014). Accordingly, we vacate Betancourt Mendoza's sentence and remand for resentencing.

In light of this disposition, we decline to reach Betancourt Mendoza's other claims of sentencing error.

**VACATED and REMANDED for resentencing.**